UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN H. DUPRE | * | CIVIL ACTION NO. |
| VERSUS | * | DIVISION: |
| WESTLAWN CEMETERIES, L.L.C., | * | SECTION: |
| MOTHE FUNERAL HOMES, | * | JUDGE: |
| L.L.C., AND BOYD MOTHE, SR. | * | MAGISTRATE: |
| | * | |
| * * * * * * * | | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, John H. Dupre, who is of the full age of majority and a resident of and domiciled in Jefferson Parish, State of Louisiana, respectfully represents as follows:

**JURISDICTIONAL STATEMENT**

1. This Court has subject matter jurisdiction over this dispute pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.*, the Age Discrimination in Employment

- 1 -

Act (ADEA), 29 U.S.C. § 621, *et. seq.*, the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611, *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, because plaintiff asserts this action under federal law, alleging that his discharge on June 22, 2012, by his employer, Westlawn Cemeteries, L.L.C./Mothe Funeral Homes, L.L.C., was in violation of plaintiff's rights under the ADA, under the ADEA, and under the FMLA, and that he was not paid wages and overtime compensation as required by the FLSA. This Court has ancillary jurisdiction over Plaintiff's related claims asserted pursuant to the laws of the State of Louisiana, including the Louisiana Employment Discrimination Law, LSA-R.S. 23:301 *et seq.*, LSA-R.S. 23: 312 (age), *et seq.*, LSA-R.S. 23:323 (disability), *et seq.*, the Louisiana worker's compensation retaliatory discharge law, LSA-R.S. 23:1361 *et seq.*, and Louisiana law pertaining to the payment of all wages owed upon discharge, LSA-R.S. 23:631 *et seq.*

**PARTIES**

2. At all material times defendants, Westlawn Cemeteries, L.L.C. and Mothe Funeral Homes, L.L.C., were Louisiana companies located in Jefferson Parish, State of Louisiana, and were the "integrated employer" of plaintiff, John H. Dupre; Defendant, Boyd Mothe, Sr. was a manager of Westlawn Cemeteries, L.L.C.

and Mothe Funeral Homes, L.L.C. and was the individual who discharged Mr. Dupre.

**STATEMENT OF CLAIMS**

3. Plaintiff, John H. Dupre, was employed as a stone engraver by Westlawn Cemeteries/Mothe Funeral Homes beginning on January 24, 1989, and was so employed on April 23, 2012.

4. On April 23, 2012, Mr. Dupre sustained a work-related shoulder injury requiring medical treatment and therapy and resulting in a restriction of his ability to lift. He timely reported this injury/disability to his employer.

5. Although Mr. Dupre was released to return to light duty work and did in fact return to work and requested light duty and assistance with lifting, he was never provided light duty work or the requested assistance and was ultimately discharged on June 22, 2012, for alleged "unacceptable performance" while he was attending a doctor's appointment for his shoulder injury.

6. Mr. Dupre, who was forty-nine years old at the time of his discharge, was replaced by an individual believed to have been twenty-three years old.

7. During his employment by defendants, Mr. Dupre was not properly paid wages and overtime wages for the hours which he worked.

8. Mr. Dupre timely filed a Charge of Discrimination with the EEOC based upon age and disability and was issued a Notice of Right to Sue on December 4, 2012.

**COUNT ONE**

9. Plaintiff reavers and realleges all of the allegations of paragraphs 1 through 8.

10. Plaintiff contends that he was not provided with light duty or assistance with lifting and was wrongfully discharged, all in violation of the provisions of the American with Disabilities Act.

**COUNT TWO**

11. Plaintiff reavers and realleges all of the allegations of paragraphs 1 through 8.

12. Plaintiff further alleges that his discharge was in violation of the provisions of the Age Discrimination in Employment Act.

**COUNT THREE**

13. Plaintiff reavers and realleges all of the allegations of paragraphs 1 through 8.

14. Plaintiff further contends that his discharge was in violation of the provisions of the Family and Medical Leave Act.

**COUNT FOUR**

15. Plaintiff reavers and realleges all of the allegations of paragraphs 1 through 8.

16. Plaintiff further contends that he was not properly compensated for the hours he worked in violation of the Fair Labor Standards Act.

### COUNT FIVE

17. Plaintiff reavers and realleges all of the allegations of paragraphs 1 through 8.

18. Plaintiff further alleges that his discharge was in retaliation for and/or in interference with the exercise of his rights under and in violation of LSA-R.S. 1361, *et seq.*

### COUNT SIX

19. Plaintiff reavers and realleges all of the allegations of paragraphs 1 through 8.

20. Plaintiff further alleges that he was not fully compensated for wages earned at the time of his discharge in violation of LSA-R.S. 23:631.

### DEMAND FOR RELIEF

21. Plaintiff is entitled to recover against Defendants all general compensatory damages and special damages, including, but not limited to, back pay, front pay, wages not paid pursuant to the FLSA, including appropriate overtime pay, as well as for his costs, attorney's fees, experts' fees, penalties, judicial interest and any and all other items of damages and/or indebtedness that are proven at trial and/or

that are allowable or provided by law or equity.

22. Plaintiff respectfully requests a trial by jury on all issues.

Wherefore, plaintiff, John H. Dupre, prays that after due proceedings are had and all legal delays have expired that this Honorable Court render a judgment in his favor and against defendants ordering defendants to pay plaintiff's damages, which will be shown at trial, as well as judicial interest thereon, all penalties, costs of litigation, expert's fees, and attorney's fees as allowed by law or equity.

RESPECTFULLY SUBMITTED:

S/ Ralph J. Aucoin
**Ralph J. Aucoin, T.A. (#02606)**
**Richard A. Bordleon (#14091)**
DENECHAUD AND DENECHAUD, L.L.P.
1010 Common Street, Suite 3010
New Orleans, LA   70112
Phone:    (504) 522-4756
FAX:      (504) 568-0783

ATTORNEYS FOR JOHN H. DUPRE