UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN H. DUPRE | CIVIL ACTION |
| VERSUS | NO: 13-356 |
| WESTLAWN CEMETERIES, ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative for Partial Summary Judgment (Rec. Doc. 6)** filed by defendant Westlawn Cemeteries, LLC; **Motion to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative for Summary Judgment (Rec. Doc. 7)** filed by defendant Mothe Funeral Homes, LLC; **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 8)** filed by defendant Boyd Mothe, Sr. Plaintiff John H. Dupre has responded to all motions. The motions, scheduled for submission on June 5, 2013, are before the Court on the briefs without oral argument.[1]

## I. Background

Plaintiff John H. Dupre was employed as a stone engraver by Westlawn Cemeteries/Mothe Funeral Homes beginning on January 24, 1989. (Comp. ¶ 3). On April 23, 2012, Dupre sustained a work-related shoulder injury that restricted his ability to lift. (*Id.* ¶ 4). Dupre contends that he requested light duty work and assistance with heavy lifting when he returned to work after medical treatment but that he was never provided those accommodations. (Comp. ¶ 5). Dupre was discharged on June 22, 2012. (*Id.* at 5). At the

---

[1] Oral argument has been requested but the Court is not persuaded that argument would be helpful in light of the issues presented.

1

time of the discharge Dupre was 49 years old and he alleges that he was replaced by a 23 year old worker. (*Id.* ¶ 6). Dupre also complains that he was not paid regular wages and overtime wages during his employment with Defendants. (*Id.* ¶ 7).

Dupre filed this lawsuit against Westlawn Cemeteries, LLC, Mothe Funeral Homes, LLC, and Boyd Mothe, Sr. alleging claims under the Americans With Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), Family Medical Leave Act ("FMLA"), Fair Labor Standards Act ("FLSA"), and related state laws. Dupre alleges that Westlawn and Mothe Funeral Homes were his "integrated" employer. (Comp. ¶ 2). Boyd Mothe, Sr. is alleged to be a "manager" of both Westlawn and Mothe and is identified as the specific individual who terminated Dupre. (*Id.*).

For reasons explained in greater detail below, Defendants have filed the instant motions seeking summary judgment on and/or dismissal of several of Dupre's claims. This matter has not yet been scheduled for trial.

## II. Discussion

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627

F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.

1993)).

### Claims Against Boyd Mothe, Sr.

Defendant Boyd Mothe, Sr. ("Mothe") moves for dismissal pursuant to Rule 12(b)(6) of all claims asserted against him personally. Mothe argues that as a matter of law he cannot be held personally liable for the claims that Dupre is asserting in this lawsuit.

Mothe is the president of both Westlawn Cemeteries, LLC and Mothe Funeral Homes, LLC. Dupre concedes that an individual like Mothe is not liable under most employment discrimination laws. (Rec. Doc. 17 at 8, Plaintiff's Opposition). But Dupre is also making a claim for unpaid overtime wages under the FLSA, and Dupre argues that the definition of "employer" for purposes of the FLSA is sufficiently broad to include Mothe.

For purposes of the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C.A. § 203(d). Because individuals are ordinarily shielded from personal liability when they do business in the corporate form, the FLSA does not impose personal liability for those who merely serve as officers or shareholders of an entity. *Gray v. Powers*, 673 F.3d 352, 355-56 (5th Cir. 2012). But those individuals who have operating control of employees within companies may be individually liable for FLSA violations committed by their companies. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012) (*quoting Gray*, 673 F.3d at 355). In the Fifth Circuit courts employ an "economic reality" test to determine whether an individual or entity is an "employer" for purposes of the FLSA. *Id.* (*citing Gray*, 673 F.3d at 354-55). This test considers whether the alleged employer: 1) possessed the power to hire and fire employees; 2) supervised or controlled employee work schedules or conditions of employment; 3) determined the rate or method of payment; and 4) maintained employee records. *Id.* (*quoting Gray*, 673 F.3d at 355).

4

It is undisputed that Mothe possessed the authority to hire and fire employees because he personally terminated Dupre's employment. The first factor of the economic realities test militates in favor of employer status for Mothe. But Dupre's complaint contains no factual allegations in support of the remaining three factors of the test. None of the factual allegations support the inference that the remaining three factors are implicated. Moreover, Dupre never expressly alleges that Mothe was his FLSA employer.

The Rule 12(b)(6) motion to dismiss filed by Boyd Mothe, Sr. is therefore GRANTED in its entirety.

### *Claims Against Mothe Funeral Homes, LLC*

Defendant Mothe Funeral Homes, LLC ("Mothe Funeral") moves for dismissal pursuant to Rule 12(b)(6) or in the alternative summary judgment on all claims asserted against it. Mothe Funeral argues that Dupre's claims can only be asserted against his employer, and that Dupre was an employee of Westlawn Cemeteries not Mothe Funeral.

Dupre's contention in this lawsuit is that Westlawn Cemeteries and Mothe Funeral constituted an "integrated employer" for purposes of the claims that he is asserting.

Mothe Funeral is the parent entity of Westlawn Cemeteries. (Rec. Doc. 7-3 at ¶ 3, Mothe Affidavit). To determine whether a parent corporation and its subsidiary may be regarded as a "single employer" under federal law, courts apply a four-part test. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997) (*citing Radio Union v. Broadcast Serv.*, 380 U.S. 255, 257 (1965)). The four factors of the test include: 1) interrelation of operations; 2) centralized control of labor or employment decisions; 3) common management; and 4) common ownership or financial control. *Id.* This analysis ultimately focuses on whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation. *Id.*

Moreover, the doctrine of limited liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees. *Lusk*, 129 F.3d at 778 (*citing Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993)). Common management and ownership are ordinary aspects of a parent-subsidiary relationship. *Id.* Thus, the mere existence of common management and ownership are not sufficient to justify treating a parent corporation and its employer as a single employer. *Id.* Some nexus to the subsidiary's daily employment decisions must be shown. *Id.* (*citing Schweitzer v. Adv. Telemarket. Corp.*, 104 F.3d 761, 765 (5th Cir. 1997)).

Dupre points out that Westlawn Cemeteries and Mothe Funeral have identical officers and members, joint benefit plans, and possibly joint insurance policies. The entities also file a joint tax return and Boyd Mothe, Sr. can influence hiring and firing decisions in both entities. But none of this suggests that the entity Mothe Funeral was a final decision maker with respect to the employment decisions that are being challenged in this case. It is undisputed that Boyd Mothe, Sr. made the decision to terminate Dupre and that he personally carried out that decision. That Boyd Mothe Sr. also served as president of Mothe Funeral does not mean that this parent entity was involved in the termination. Dupre has submitted no evidence of his own attesting to any employment decisions made by Mothe Funeral that affected his conditions of employment.

Nonetheless, because Dupre faces a difficult burden in establishing integrated employer status, and because the parties have not completed discovery (in fact, Dupre advises that initial disclosures have not been produced (Rec. Doc. 17 at 7, Plaintiff's Opposition) and this Court has not yet entered a scheduling order), the Court is persuaded that summary judgment on the integrated employer question is premature and should be denied at this time so that Dupre will have the benefit of full discovery when opposing the

issue. The motion for summary judgment filed by Mothe Funeral Homes, LLC is therefore DENIED as to the federal claims.

Mothe Funeral separately challenges the viability of Dupre's state law claims, pointing out that Louisiana law employs a narrower definition of "employer" than that recognized under federal law.

The definition of an "employer" for purposes of Louisiana's Employment Discrimination Law, La. R.S. § 23:301, et seq. is narrower than the federal definition and it provides in relevant part:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state **receiving services from an employee and, in return, giving compensation of any kind to an employee**. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

La. Rev. Stat. Ann. § 23:302(2) (2010) (emphasis added). An "employee" is an individual employed by an employer. *Id.* § 23:302(1).

Even though Louisiana law normally applies a right to control test for determining employer-employee relationship, in order to be an employer for purposes of the LEDL one must 1) receive services from an employee, and 2) in return give compensation to that employee. *Dejoie v. Medley*, 9 So. 3d 826, 830 (La. 2009). Moreover, for purposes of the LEDL, the source of the funds is crucial to determining whether a given defendant is the plaintiff's employer for purposes of the LEDL. *Id.* at 831.

Dupre has not created an issue of fact as to whether he provided services to Mothe Funeral and whether that entity paid his salary. Mothe Funeral is entitled to judgment as a matter of law on Dupre's LEDL claims (age and disability).

But Louisiana law does recognize the concept of the integrated or joint employer in

other employment-related contexts. *See, e.g., Hebert v. Richard*, 72 So. 3d 892, 902 (La. App. 3d Cir. 2011) (*quoting Perry v. Perry & Sons Vault & Grave Serv., Inc.*, 872 So. 2d 611, 619 (La. App. 3d Cir. 2004)). "Joint employment requires a 'common enterprise' that contemplates the employment and control of the claimant by one of the interested parties for the benefit of all." *Id.*

The motion for summary judgment filed by Mothe Funeral Homes, LLC is therefore DENIED as to Dupre's non-LEDL state law claims for the same reason that the Court denied summary judgment on the integrated employer issue under federal law.

### Claims Against Westlawn Cemeteries, LLC

Defendant Westlawn Cemeteries, LLC ("Westlawn") moves for judgment as a matter of law on Dupre's FMLA and state law claims for payment of overtime wages.

Westlawn argues that it does not qualify as an employer under the FMLA because it does not have 50 or more employees. This issue turns on whether Dupre can establish integrated employer status for Mothe Funeral, and the Court has denied summary judgment on this issue to allow Dupre to conduct additional discovery. Westlawn's motion for summary judgment on the applicability of the FMLA is therefore DENIED.

Westlawn moves for judgment as a matter of law on the state law overtime wage claim, arguing that the FLSA is the exclusive remedy for failure to pay overtime wages. Dupre does not oppose this aspect of Westlawn's motion. Westlawn's motion is therefore GRANTED as to Dupre's state law overtime wage claim.[2]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6)**

---

[2] The Court does not interpret Dupre's complaint as trying to assert an overtime wage claim *under state law* against any defendant. But to the extent that Dupre might have intended an overtime claim against Mothe Funeral that claim would also be dismissed.

**(Rec. Doc. 8)** filed by defendant Boyd Mothe, Sr. is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative for Summary Judgment (Rec. Doc. 7)** filed by defendant Mothe Funeral Homes, LLC is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative for Partial Summary Judgment (Rec. Doc. 6)** filed by defendant Westlawn Cemeteries, LLC is **GRANTED IN PART AND DENIED IN PART** as explained above.

July 11, 2013

	JAY C. ZAINEY
	UNITED STATES DISTRICT JUDGE